| | |
|---|---|
| 1 | STEVEN W. PITE (CA SBN 157537)<br>DAVID E. McALLISTER (CA SBN 185831) |
| 2 | JOHN B. ACIERNO III(CA SBN 257176)<br>PITE DUNCAN, LLP |
| 3 | 4375 Jutland Drive, Suite 200<br>P.O. Box 17933 |
| 4 | San Diego, CA 92177-0933<br>Telephone: (858)750-7600 |
| 5 | Facsimile: (619) 590-1385 |

6  Attorneys for THE BANK OF NEW YORK MELLON FORMERLY KNOWN AS THE
        BANK OF NEW YORK AS SUCCESSOR TRUSTEE TO JPMORGAN
7       CHASE BANK, N.A. AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF
        STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2004-AR7
8       MORTGAGE PASS-THROUGH CERTIFICATES, SERIE

9              UNITED STATES BANKRUPTCY COURT

10      NORTHERN DISTRICT OF CALIFORNIA - SANTA ROSA DIVISION

| | |
|---|---|
| 11  In re | Case No.09-11901 |
| 12  OCEANA R. STUART, | Chapter 7 |
| 13  Debtor(s). | R.S. No.  JBA-755 |
| 14 | MOTION FOR RELIEF FROM<br>AUTOMATIC STAY |
| 15 | (11 U.S.C. § 362 and Bankruptcy Rule 4001) |
| 16 | DATE:        October 22, 2009 |
| 17 | TIME:        9:00AM |
| 18 | |
| 19 | 99 South "E" Street<br>Santa Rosa, CA 95404-6524 |

20      The Bank of New York Mellon formerly known as The Bank of New York as successor

21  Trustee to JPMorgan Chase Bank, N.A. as Trustee for the Certificateholders of Structured Asset

22  Mortgage Investments II Trust 2004-AR7 Mortgage Pass-Through Certificates, Serie

23  ("Movant"), moves this court for an order terminating the automatic stay of 11 U.S.C. § 362 as

24  to Movant, so that Movant may commence and continue all acts necessary to enforce its security

25  interest in real property generally described as 49 Ashford Avenue, Mill Valley, California

26  94941.

27  /././

28  /././

1

1  On or about June 24, 2009, Oceana R. Stuart ("Debtor") filed a voluntary petition under

2  Chapter 7 of the Bankruptcy Code, and Timothy W. Hoffman was appointed as Chapter 7

3  Trustee. As a result of said filing, certain acts and proceedings against Debtor and the

4  bankruptcy estate are stayed as provided in 11 U.S.C. § 362.

5  Movant moves this court for relief from stay under 11 U.S.C. §§ 362(d)(1) and

6  362(d)(2).

7  **MEMORANDUM OF POINTS AND AUTHORITIES**

8  **I.**

9  **MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(2).**

10  **NO EQUITY**

11

12  11 U.S.C. § 362(d)(2) provides that relief from the automatic stay shall be granted if the

13  debtor does not have any equity in the property and the property is not necessary to the debtor's

14  effective reorganization.

15  In In re San Clemente Estates, 5 B.R. 605 (Bankr. S.D. Cal. 1980), the court stated that:
   § 362(d)(2) reflects congressional intent to allow creditors to

16  immediately proceed against the property where the debtor has no
   equity and it is unnecessary to the reorganization, even where the

17  debtor can provide adequate protection under § 362(d)(1).
   (Emphasis added).

18  Id. at 610 (emphasis added).

19

20  In In re Mikole Developers, Inc., 14 B.R. 524, 525 (Bankr. E.D. Pa. 1981), the court

21  stated that in determining whether equity exists in the property for purposes of § 362(d)(2), all

22  encumbrances are totaled, whether or not all the lienholders have joined in the request for relief

23  from stay. The Ninth Circuit has concurred with this view in Stewart v. Gurley, 745 F.2d 1194

24  (9th Cir. 1984).

25  An appropriate cost of sale factor should also be added to determine if the debtor has

26  any equity in the property. La Jolla Mortgage Fund v. Rancho El Cajon Associates, 18 B.R.

27  283, 289 (Bankr. S.D. Cal. 1982).

28  /././

2

1      On or about September 8, 2004, Oceana R. Stuart ("Debtor"), for valuable considera-

2 tion, made, executed and delivered to Paul Financial, LLC ("Lender") a Note in the principal

3 sum of $304,000.00 (the "Note").  Pursuant to the Note, Debtor is obligated to make monthly

4 principal and interest payments commencing November 1, 2004, and continuing until October

5 1, 2034, when all outstanding amounts are due and payable.  The Note provides that, in the

6 event of default, the holder of the Note has the option of declaring all unpaid sums immediately

7 due and payable.  A true and correct copy of the Note is attached to the Declaration in Support

8 of Motion for Relief From Automatic Stay as exhibit A and incorporated herein by reference.

9      On or about September 8, 2004, the Debtor made, executed and delivered to Lender a

10 Deed of Trust (the "Deed of Trust") granting Lender a security interest in real property

11 commonly described as 49 Ashford Avenue, Mill Valley, California 94941 (the "Real

12 Property"), which is more fully described in the Deed of Trust.  The Deed of Trust provides that

13 attorneys' fees and costs incurred as a result of the Debtor's bankruptcy case may be included in

14 the outstanding balance under the Note.  The Deed of Trust was recorded on September 14,

15 2004, in the Official Records of Marin County, State of California.  A true and correct copy of

16 the Deed of Trust is attached to the Declaration in Support of Motion for Relief From

17 Automatic Stay as exhibit B and incorporated herein by reference.

18      Subsequently, all beneficial interest in the Note and the Deed of Trust was sold,

19 assigned and transferred to Movant.  A true and correct copy of the Corporation Assignment of

20 Deed of Trust evidencing the Assignment of the Note and Deed of Trust to Movant is attached

21 to the Declaration in Support of Motion for Relief From Automatic Stay as exhibit C and

22 incorporated herein by reference.

23      The obligation under the Note is in default as of December 1, 2008, for failure to make

24 payments to Movant.  As of September 18, 2009, the total obligation due and owing under the

25 Note is in the approximate amount of $319,004.71, representing the principal balance of

26 $304,000.00, interest in the sum of $13,972.55, late charges in the amount of $544.66, and a

27 recoverable balance in the amount of $487.50. This is an approximate amount for purposes of

28 this Motion only, and should not be relied upon as such to pay off the subject loan as interest

3

1  and additional advances may come due subsequent to the filing of the Motion.  An exact payoff

2  amount can be obtained by contacting Movant's counsel. Further, Movant has incurred

3  additional post-petition attorneys' fees and costs in bringing the instant Motion.  Moreover, the

4  total arrears under the Note are in the approximate sum of $14,332.16, excluding the post-

5  petition attorneys' fees and costs incurred in filing the instant Motion.  A true and correct copy

6  of the contractual payment accounting pursuant to Local Rule 4001-1(g)(1) is attached to the

7  Declaration in Support of Motion for Relief From Automatic Stay as exhibit D and incorporated

8  herein by reference.

9                                                      **II.**

10                                       **RELIEF FROM STAY**

11                                         **LACK OF EQUITY**

12          Movant is informed and believes that, based on the Debtor's bankruptcy Schedules and

13  Statements, the fair market value of the Property is $470,000.00. True and correct copies of the

14  Debtor's bankruptcy Schedules "A" and "D" are collectively attached to the Declaration in

15  Support of Motion for Relief From Automatic Stay as exhibit E and incorporated herein by

16  reference.

17          Based on the above, Movant maintains that the equity in the Property is as follows:

18          Fair Market Value:                                        $470,000.00
            Less:
19              Movant's Trust Deed                                   $319,004.71
                Franklin Credit's 2nd Trust Deed                $161,500.00
20              Marin County Tax Collector                             $3,273.00
                Ashford Court Homeowners                                 $260.00
21              Costs of Sale (8%)                                    $37,600.00
            Equity in the Property:                                 <$51,637.71>
22

23          As a result, there is no equity in the Property for the bankruptcy estate.  Moreover, since

24  this is a Chapter 7 proceeding, there is no reorganization in prospect.  As a result, Movant is

25  entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2).

26  /././

27  /././

28  /././

4

# III.

## MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(1).

### CAUSE - LACK OF ADEQUATE PROTECTION

Pursuant to the provisions of 11 U.S.C. §§ 361 and 362(d)(1), Movant is entitled to adequate protection of its interest in the Property.

Movant submits that adequate protection in this case requires normal and periodic cash payments, as called for by the Note, plus the repayment of any and all delinquent amounts owed to Movant, including all attorneys' fees and costs incurred in the filing of this motion.

Movant is informed and believes that Debtor is presently unwilling or unable to provide adequate protection to the Movant and there is no probability that adequate protection can be afforded to Movant within a reasonable time.

By reason of the foregoing, Movant is entitled to relief from stay under 11 U.S.C. § 362(d)(1), based upon the failure of Debtor to provide adequate protection to Movant.

WHEREFORE, Movant respectfully prays for an Order of this court as follows:

1.      Terminating the automatic stay of 11 U.S.C. § 362, as it applies to the enforcement by Movant of all of its rights in the Real Property under the Note and the Deed of Trust;

2.      That the 10-day stay described by Bankruptcy Rule 4001(a)(3) be waived;

3.      Granting Movant leave to foreclose on the Real Property and to enforce the security interest under the Note and the Deed of Trust, including any action necessary to obtain possession of the Property;

4.      Permitting Movant to offer and provide Debtor with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and to enter into such agreement with Debtor;

5.      Alternatively, in the event this court declines to grant Movant the relief requested above, Movant requests that an Order for adequate protection be issued, requiring the Debtor to reinstate and maintain in a current condition all obligations due under the Note and Deed of

5

1  Trust and all other deeds of trust encumbering the Real Property, including Debtor's obligations

2  to pay when due (a) the monthly installments of principal and interest, as required under the

3  Note; (b) tax/insurance obligations; and (c) any sums advanced by Movant on behalf of Debtor

4  in order to protect Movant's interest in the Real Property, including all attorneys' fees and costs

5  incurred in the filing of this motion;

6        6.        That the attorneys' fees and costs incurred by Movant for filing the instant Motion

7  be included in the outstanding balance of the Note as allowed under applicable non-bankruptcy

8  law; and

9        7.        For such other and further relief as the court deems just and proper.

10

11  Dated: October 7, 2009                    PITE DUNCAN, LLP

12                                            /s/ JOHN B. ACIERNO III(CA SBN 257176)
                                              Attorneys   for THE   BANK   OF   NEW   YORK
13                                            MELLON FORMERLY KNOWN AS THE BANK
                                              OF NEW YORK AS SUCCESSOR TRUSTEE TO
14                                            JPMORGAN CHASE BANK, N.A. AS TRUSTEE
                                              FOR      THE     CERTIFICATEHOLDERS     OF
15                                            STRUCTURED        ASSET        MORTGAGE
                                              INVESTMENTS      II    TRUST      2004-AR7
16                                            MORTGAGE PASS-THROUGH CERTIFICATES,
                                              SERIE

17

18

19

20

21

22

23

24

25

26

27

28

6