Entered on Docket
December 16, 2009
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: December 15, 2009



_____
ALAN JAROSLOVSKY
U.S. Bankruptcy Judge

1  KATHERINE JOHNSON (CA SBN 259854)
   JOHN B. ACIERNO III (CA SBN 257170)
2  PITE DUNCAN, LLP
   4375 Jutland Drive, Suite 200
3  P.O. Box 17933
   San Diego, CA 92177-0933
4  Telephone: (858) 750-7600
   Facsimile: (619) 590-1385
5

6  Attorneys for THE BANK OF NEW YORK MELLON FORMERLY KNOWN AS THE
7                BANK OF NEW YORK AS SUCCESSOR TRUSTEE TO JPMORGAN CHASE
                 BANK, N.A. AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF
8                STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2004-AR7
                 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-AR7

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - SANTA ROSA DIVISION

| | |
|---|---|
| In re | Case No. 09-11901 |
| OCEANA R. STUART, | Chapter 7 |
| | R.S. No. JBA-755 |
| | ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY |
| | DATE: November 25, 2009<br>TIME: 9:00 a.m. |
| Debtor(s). | Northern District of California - Santa Rosa Division<br>United States Bankruptcy Court<br>99 South "E" Street<br>Santa Rosa, CA 95404-6524 |

The above-captioned matter came on for hearing on November 25, 2009, at 9:00 a.m., upon the Motion of The Bank of New York Mellon formerly known as The Bank of New York as successor Trustee to JPMorgan Chase Bank, N.A. as Trustee for the Certificateholders of Structured Asset Mortgage Investments II Trust 2004-AR7 Mortgage Pass-Through Certificates, Series 2004-AR7 ("Movant"), for relief from the automatic stay of 11 U.S.C. § 362, to enforce its interest in the property of Oceana R. Stuart ("Debtor") commonly known as 49 Ashford

1 | Avenue, Mill Valley, California 94941 (the "Real Property"), which is legally described as
2 | follows:

      SEE LEGAL DESCRIPTION AS EXHIBIT TO PROPOSED ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY, DOCKET ENTRY NUMBER 21.

5 | Appearances as noted on the record.

6 | Based on the arguments of counsel, and good cause appearing therefor,

7 | IT IS HEREBY ORDERED:

8 | 1. The automatic stay of 11 U.S.C. § 362, shall be terminated effective December 25, 2009 as it applies to the enforcement by Movant of all of its rights in the Real Property under Note and Deed of Trust, and pursuant to applicable state law;

11 | 2. Upon termination of the automatic stay, Movant shall be authorized to foreclose its security interest in the Real Property under the terms of the Note and Deed of Trust, and pursuant to applicable state law;

14 | 3. The 14-day stay provided by Bankruptcy Rule 4001 (a)(3) is waived;

15 | 4. Post-petition attorney's fees and costs for the within motion may be added to the outstanding balance of the subject Note as allowed under applicable non-bankruptcy law;

17 | 5. Upon foreclosure, in the event Debtor fails to vacate the Real Property, Movant may proceed in State Court for unlawful detainer pursuant to applicable state law;

19 | 6. Upon termination of the automatic stay, the Chapter 13 Trustee shall cease making payments in regard to Movant's claim filed in this bankruptcy case;

21 | 7. Movant may offer and provide Debtor with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtor. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtor if Debtor's personal liability is discharged in this bankruptcy case; and

26 | 8. This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

\*\* END OF ORDER \*\*