JOHN M. SORICH (CA Bar No.125223)
jsorich@adorno.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@adorno.com
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Respondent
EMC MORTGAGE CORPORATION

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>OCEANA R STUART,<br><br>Debtor | Case No.: BK NO. 09-11901<br><br>(Chapter 7)<br><br>JUDGE: Hon. Alan Jaroslovsky<br><br>**OPPOSITION TO DEBTOR'S MOTION FOR SANCTIONS AND FOR CONTEMPT FOR VIOLATION OF DISCHARGE INJUNCTION AND COURT ORDER; AND DECLARATION OF SHARI MIDDLEBROOKS IN SUPPORT THEREOF**<br><br>[Filed concurrently with a Request for Judicial Notice]<br><br>Date: June 4, 2010<br>Time: 10:00 a.m.<br>Crtrm: Santa Rosa Courtroom |

Respondent EMC Mortgage Corporation ("EMC") hereby submits the following in opposition to the Motion for Sanctions and for Contempt for Violation of Discharge Injunction and Court Order of Debtor Oceana R Stuart ("Debtor").

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

I. <u>SUMMARY OF ARGUMENT</u>

Plaintiff seeks an order of contempt against EMC as well as damages in the sum of $5,000

1
OPPOSITION TO MOTION FOR SANCTIONS

for attorney's fees. Plaintiff contends that EMC knowingly attempted to collect from the debtor, personally, sums in connection with a loan secured by a deed of trust. However, Plaintiff's Motion should be denied since EMC did not undertake any acts above and beyond those to effectuate foreclosure against the Subject Property. Indeed, the letter upon which Plaintiff relies does not include any demand for payment from Debtor or threat against Debtor in connection with a demand for payment. Accordingly, Plaintiff's Motion should be denied in its entirety.

## II. SUMMARY OF RELEVANT FACTS

EMC is the servicer of the subject loan, attorney in fact, and the custodian of the same for The Bank of New York Mellon Formerly Known as the Bank of New York as successor Trustee to JPMorgan Chase Bank, N.A. as trustee for the Certificateholders of Structured Asset Mortgage Investments II Trust 2004-AR7 Mortgage Pass-Through Certificates, Series 2004-AR7 ("Bank of New York"). (Declaration of Shari Middlebrooks ("Middlebrooks Decl."), ¶ 1.)

On or about October 7, 2009, Bank of New York filed a Motion for Relief from Automatic Stay ("Motion for Relief") in connection with the subject loan. (Request for Judicial Notice ("RJN"), Exhibit 1; *see also,* Court's Docket No. 14). Pursuant to the Motion for Relief from Automatic Stay, Bank of New York requested relief from the automatic stay to enforce its rights under the subject loan and deed of trust against the Subject Property. *Id.* The Motion for Relief From Automatic Stay was heard on November 25, 2009 and the Court granted the Motion. (RJN, Exhibit 2; *see also,* Court's Docket). On December 15, 2009, the Court entered the order granting the Motion for Relief, specifically ordering:

1. The automatic stay of 11 U.S.C. § 362, shall be terminated effective December 25, 2009 as it applies to the enforcement by Movant of all of its rights in the Real Property under Note and Deed of Trust, and pursuant to applicable state law;

...

7. Movant may offer and provide Debtor with information re: a potential Forbearance Agreement...However, Movant may not enforce, or threaten to enforce, any personal liability against Debtor is Debtor's personal liability is discharged in this bankruptcy case.

2
OPPOSITION TO MOTION FOR SANCTIONS

*See,* RJN, Exhibit 2; *see also,* Court's Docket No. 22.

Consistent with the Court's order granting Relief from stay, National Default Servicing Corporation ("NDSC") as trustee proceeded with foreclosure proceedings against the Subject Property. (Middlebrooks Decl. ¶¶ 4-6). In connection with the same, as required by California law a Notice of Default was recorded on or around January 6, 2010. *Id.* at ¶ 7. Additionally, NDSC, followed the legal steps to conduct the foreclosure which included sending a letter providing notice to debtor of the debt, the amount, the creditor, and right to dispute the validity of the debt. (*See,* Exhibit A to Declaration of Debtor in Support of Motion for Contempt, Court's Docket No. 31). The letter does not demand or otherwise threaten debtor to make any payment in connection with the subject loan. *See,* Middlebrooks Decl., ¶ 8.

### III. DEBTOR'S MOTION SHOULD BE DENIED IN ITS ENTIRETY SINCE THE ACTIVITY CITED RELATED TO THE FORECLOSURE OF THE SUBJECT PROPERTY

Plaintiff contends that the letter sent by NDSC violated the discharge order in that it was an attempt to collect a debt against debtor personally. However, Plaintiff has misinterpreted the communication sent in connection with the non-judicial foreclosure.

A debtor's discharge provides only for the discharge of the personal liability on notes and does not affect any in rem rights a creditor has against the debtor. *Johnson v. Home State Bank* 111 S.Ct. 2150 (1991). In other words, the lien survives the discharge and remains a claim by the creditor against the property of the debtor, despite the discharge of personal liability.

It is evident that the purpose of this section was not to prevent a creditor from exercising valid in rem rights, but to prevent any actions against property of the debtor acquired after bankruptcy to satisfy the discharged personal liability. *In re Cortez*, 191 B.R. 174, 178 (9th Cir.BAP) (1995) [holding that post discharge recordation of deed of trust and foreclosure did not violate 11 USC § 524].

Notably, in this case, on December 15, 2009, the Court entered an order granting Bank of New York's Motion for Relief From Stay specifically ordering:

1. The automatic stay of 11 U.S.C. § 362, shall be terminated effective December 25, 2009 as it applies to the enforcement by Movant of all of its rights in the Real Property under Note and Deed of Trust, and pursuant to applicable state law;

…

7. Movant may offer and provide Debtor with information re: a potential Forbearance Agreement…However, Movant may not enforce, or threaten to enforce, any personal liability against Debtor is Debtor's personal liability is discharged in this bankruptcy case.

*See,* RJN, Exhibit 2; *see also,* Court's Docket No. 22.

Subsequently, NDSC, as trustee, proceeded with foreclosure against the Subject Property. Such action did not violate the Court's discharge order or the order entered on December 15, 2009 since by its own terms such actions were well within the permissible scope of activity. In connection with the foreclosure, NDSC, as trustee, recorded and served a notice of default, as required under California law and issued a standard notice to Plaintiff. The letter states "[t]his firm has been retained to enforce the terms of the above referenced loan…This letter is notice to you, pursuant to the Fair Debt Collection Practices Act…" *See,* Exhibit A to Declaration of Debtor in Support of Motion for Contempt, Court's Docket No. 31. The letter does not demand payment from debtor or threaten the same. Indeed, there is no such reference in the letter.

There was no intention on the part of EMC either directly or indirectly to willfully, or otherwise, violate the discharge order or the Court's December 15, 2009 order. Plaintiff refers to one letter she received from NDSC dated January 13, 2010. The series of events leading up to this letter demonstrate that the letter was sent in the course, and as matter of procedure, to facilitate and conclude the foreclosure against the Subject Property. In that respect, relief from stay was sought and granted in connection with the enforcement of the subject security interest in connection with the Subject Property. EMC notes that Plaintiff does not reference any action undertaken by it in between the time of discharge, in October of 2009, through the time relief from stay was granted and foreclosure against the Subject Property was expressly permitted by the Court. Rather, subsequent to the issuance of the order, foreclosure proceedings were commenced. In that regard, the legal

4
OPPOSITION TO MOTION FOR SANCTIONS

framework governing nonjudicial foreclosures or trustee's sales is found in California Civil Code Sections 2924 – 2924i, which is the "the comprehensive statutory framework established to govern nonjudicial foreclosure sales" and "is intended to be exhaustive." *Moeller v. Lien*, 25 Cal. App. 4th 822, 834 (1994); *see also Homestead Sav. v. Darmiento*, 230 Cal. App. 3d 424, 432-433 (1991). That statutory scheme specifically provides that the foreclosure process may be conducted by the "trustee, mortgagee or beneficiary or any of their authorized agents" and a person authorized to record the notice of default or the notice of sale includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." Cal. Civ. Code §2924(a)(1) and 2924b(b)(4) (emphasis added); *see also Moeller*, 25 Cal. App. 4th at 830 ("Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale." (emphasis added)).

Consequently, in connection with the foreclosure sale, NDSC, as trustee, caused to be recorded a Notice of Default and issued a letter providing notice to debtor of the debt, the amount, the creditor, and right to dispute the validity of the debt. (*See*, Exhibit A to Declaration of Debtor in Support of Motion for Contempt, Court's Docket No. 31). For all intents and purposes, EMC firmly believed that such actions were consistent with the Court's order expressly permitting enforcement of the subject security interest by way of foreclosure against the Subject Property. Therefore, there was no intention or bad faith conduct undertaken by EMC in connection with the enforcement of the security interest. The letter relied on by Debtor contains absolutely no language specifically demanding payment from Debtor, nor does the letter contain language threatening Debtor to tender payment. To the contrary, the letter is merely a standard notice sent as a result of proceeding forward with the foreclosure sale of the Subject Property. Accordingly, a finding of contempt against EMC is not warranted. *See, Diamontiney v. Borg*, 918 F.2d 793, 797 (9th Cir.1990) (stating that application of contempt should be applied based on reasonable interpretation of court's order).

Furthermore, since the Motion should be denied, Debtor is likewise not entitled to damages in a sum of $5,000 for attorney's fees.

///

///

## IV. CONCLUSION

For the foregoing reasons, EMC respectfully requests that the Court deny Plaintiff's Motion and not issue sanctions against EMC.

DATED: May 21, 2010

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation

By: /s/ S. Christopher Yoo
JOHN M. SORICH
S. CHRISTOPHER YOO
Attorneys for Respondent
EMC MORTGAGE CORPORATION

# DECLARATION OF SHARI MIDDLEBROOKS

I, Shari Middlebrooks, declare as follows:

1. I am Assistant Vice President of EMC Mortgage Corporation ("EMC"). EMC is the servicer of the subject loan, attorney in fact, and the custodian of the same for The Bank of New York Mellon Formerly Known as the Bank of New York as successor Trustee to JPMorgan Chase Bank, N.A. as trustee for the Certificateholders of Structured Asset Mortgage Investments II Trust 2004-AR7 Mortgage Pass-Through Certificates, Series 2004-AR7 ("Bank of New York"). I am competent to testify of my own personal knowledge, to the best of my recollection, as to the matters set forth in this Declaration. I have reviewed my files and the business records of EMC Mortgage Corporation ("EMC") as they pertain to this matter, and I am the one in control of the files with respect to this matter.

2. As Assistant Vice President, I monitor and oversee loans and/or properties that have resulted in litigation. The business records relating to any loans serviced by EMC are within my custody and control and maintained under my supervision and direction. EMC as the servicer of the subject loan is responsible for the maintenance, custody and control of the loan records and files, which files and records ultimately included records from the loan application process whether or not a loan was actually made in response to an application through foreclosure.

3. All loan documents relating to the subject loan are within my custody and control and maintained under my supervision and direction. Those documents contain entries made in the ordinary course of business at or about the time of the events reflected therein occurred. Specifically, all documents relating to any loan made in connection with the property located at 49 Ashford Avenue, Mill Valley, California ("Subject Property") are now within my custody and control and maintained under my supervision and direction. Those documents contain entries made in the ordinary course of business at or about the time of the events reflected therein occurred.

4. On or about October 7, 2009, Bank of New York filed a Motion for Relief from Automatic Stay ("Motion for Relief") in connection with the subject loan. (Request for Judicial Notice ("RJN"), Exhibit 1; *see also,* Court's Docket No. 14). Pursuant to the Motion for Relief from Automatic Stay, Bank of New York requested relief from the automatic stay to enforce its rights

under the subject loan and deed of trust against the Subject Property. *Id.*

5. The Motion for Relief From Automatic Stay was heard on November 25, 2009 and the Court granted the Motion. (RJN, Exhibit 2; *see also,* Court's Docket). On December 15, 2009, the Court entered the order granting the Motion for Relief, *See,* RJN, Exhibit 2; *see also,* Court's Docket No. 22.

6. Consistent with the Court's order granting Relief from stay, National Default Servicing Corporation ("NDSC") as trustee proceeded with foreclosure proceedings against the Subject Property.

7. In connection with the same, as required by California law a Notice of Default was recorded on or around January 6, 2010. Additionally, NDSC, followed the legal steps to conduct the foreclosure which included sending a letter providing notice to debtor of the debt, the amount, the creditor, and right to dispute the validity of the debt. (*See,* Exhibit A to Declaration of Debtor in Support of Motion for Contempt, Court's Docket No. 31).

8. The subject letter does not demand or otherwise threaten debtor to make any payment in connection with the subject loan.

9. At all times relevant, the actions undertaken in connection with the Subject Property were taken in order to effect foreclosure against the Subject Property only and not against the debtor.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 24th day of May 2010, at Lewisville, Texas.

_____
SHARI MIDDLEBROOKS

Case: 09-11901    Doc# 38    Filed: 05/24/10    Entered: 05/24/10 17:55:31    Page 8 of 10

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE
Stuart v. EMC
USBK – Northern Case No.: 09-11901

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707**.

On May 24, 2010, I served the foregoing document described as **OPPOSITION TO DEBTOR'S MOTION FOR SANCTIONS AND FOR CONTEMPT FOR VIOLATION OF DISCHARGE INJUNCTION AND COURT ORDER; AND DECLARATION OF SHARI MIDDLEBROOKS IN SUPPORT THEREOF** on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐ **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐ **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on May 24, 2010, at Santa Ana, California.

MICHELLE E AULT

# SERVICE LIST
Stuart v. EMC
USBK – Northern Case No.: 09-11901

| | |
|---|---|
| **Oceana R Stuart**<br>49 Ashford Ave<br>Mill Valley, CA 94941 | Debtor |
| **Douglas H. Van Vlear**<br>Law Offices of Douglas H. Van Vlear<br>235 Montgomery St. #824<br>San Francisco, CA 94104 | (415) 434-4700<br>Email: hvanvlear@gmail.com<br><br>Attorney for Debtor |
| **Timothy W. Hoffman**<br>P.O. Box 1761<br>Sebastopol, CA 95473 | (707) 823-2066<br><br>*Trustee* |
| **Office of the U.S. Trustee / SR**<br>235 Pine Street<br>Suite 700<br>San Francisco, CA 94104 | *U.S. Trustee* |

PROOF OF SERVICE