UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

OCEANA R. STUART, No. 09-11901

                Debtor(s).
_____/

Memorandum on Motion for Sanctions
_____

      Debtor Oceana Stuart filed her Chapter 7 petition on June 24, 2009, and duly received her discharge on October 6, 2009. The next day, Bank of New York Mellon filed a motion for relief from the automatic stay, seeking permission to enforce its note secured by a deed of trust to Stuart's property at 49 Ashford Avenue, Mill Valley, California. The motion was heard on November 25, 2009 and an order granting the motion was signed and filed December 15, 2009. The order, drafted by the Bank's counsel, provided that "Movant may not enforce, or threaten to enforce, any personal liability against Debtor if Debtor's personal liability is discharged . . . ."

      On January 13, 2010, the National Default Servicing Corporation, trustee under Bank's deed of trust and agent of the loan servicer, respondent EMC Mortgage Corporation, sent Stuart a letter informing her that it had been retained to enforce the terms of the Bank's loan "by legal action, including but not limited to judicial or non-judicial foreclosure." EMC had been given proper notice of the bankruptcy.

      Stuart interpreted the letter as a demand for payment notwithstanding her bankruptcy discharge

1

and became upset.  She has moved the court for sanctions, both for violating the terms of the automatic stay order and violating her discharge rights granted by § 524(a)(2) of the Bankruptcy Code, which enjoins an act to collect a discharged debt "as a personal liability of the debtor."

The automatic stay order is entirely moot, as it was entered (and in fact, the motion was filed) after Stuart's discharge.  Pursuant to § 362(c)(2)(C), the automatic stay terminated when Stuart was discharged.  Its only relevance is that it correctly states the law applicable to deed of trust holders: after discharge, they may not threaten to enforce the note as a personal liability of the debtor.  The January 13 letter was reasonably interpreted by Stuart as seeking personal liability against her.  The part of the letter threatening judicial foreclosure is particularly troublesome, as the only purpose of judicial foreclosure would be to obtain a personal judgment.[1]

Actions, even lawsuits, may be taken against a debtor after discharge without violating the discharge injunction as long as the creditor makes it clear to the debtor that no personal liability will be sought.  *In re Munoz,* 287 B.R. 546, 550 (9th Cir. BAP 2002);  *In re Beeney,* 142 B.R. 360, 363 (9th Cir. BAP 1992).  However, a letter sent to the debtor by a secured creditor which contains no savings language and alleges or implies that the debtor is personally liable for any deficiency violates the discharge injunction.  *In re Harlan,* 402 B.R. 703, 714-16 (Bkrtcy.W.D.Va. 2009)[2]; *In re Anderson*, 348 B.R. 652, 661 (Bkrtcy.D.Del. 2006); *In re Curtis,* 322 B.R. 470 (Bkrtcy.D.Mass. 2005).

Ordinarily, the frantic phone call of a debtor to his or her attorney regarding a letter such as the one sent here would be met by calming assurance that there was no personal liability and that would be the end of the matter.  Why Stuart has elected to make a federal case out of the letter is unclear.  What

---

[1] A debtor need not show that a communication was sent in bad faith, only that the communication had a coercive effect on the debtor. *In re Lumb,* 401 B.R. 1, 7 (1st Cir.BAP 2009).

[2] The responding party in *Harlan* was also EMC. The letter in that case contained a savings clause stating: "If you received a bankruptcy discharge that included this debt, this notice is not intended and does not constitute an attempt to collect a debt against you personally." If the same language had been included in the January 13 letter to Stuart, EMC would probably not be subject to sanction here.

2

is clear is that there is no private right of action for violation of the discharge injunction, and that the remedy for its violation is within the discretion of the court. *Walls v. Wells Fargo Bank, N.A.,* 276 F.3d 502, 509 (9th Cir. 2002); *In re Anderson,* 348 B.R. at 662 [$500 sanctions assessed]. The court feels that only nominal sanctions are justified in this case.

For the foregoing reasons, the court finds that the letter of January 13, 2010, violated the discharge injunction. To deter such conduct in the future, EMC shall pay Stuart $1,500. Counsel for Stuart shall submit an appropriate form of order.

Dated: June 21, 2010

---
Alan Jaroslovsky
U.S. Bankruptcy Judge

3